UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 0:12-CV-61613-WPD

ROSEMENE ST. BREUX,

    Plaintiff,

vs.

US BANK, NATIONAL ASSOCIATION, AS
TRUSTEE FOR THE C-BASS MORTGAGE LOAN
ASSET-BACKED CERTIFICATES, SERIES 2007-
CB3,

    Defendant.
_____/

## AMENDED COMPLAINT[1]

COMES NOW, the Plaintiff, ROSEMENE ST. BREUX, by and through undersigned counsel, and brings this action against the Defendant, US BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-CB3 ("US BANK"), and as grounds thereof would allege as follows:

### INTRODUCTION

This is an action for damages brought by the borrower, who is a consumer, for Defendant's violations of the Truth In Lending Act (hereinafter "TILA") 15 U.S.C. §1601 et seq. Specifically, Plaintiff seeks the remedies as provided in TILA for Defendant's failure, by and through its agent, to provide the address, and telephone number of the owner of the subject mortgage loan, as required by 15 U.S.C. §1641(f)(2).

---

[1] Plaintiff amends the complaint as a matter of right in accordance with the Federal Rules of Civil Procedure, Rule 15(a)(1)(B) as it is with 21 days of Defendant filing its Motion to Dismiss [D.E. 4]

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Amended Complaint alleges a federal claim and requires the resolution of substantial questions of federal law. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1441 (a), (b) and (c).

2. Venue is proper in that Plaintiff is a permanent resident in the Southern District of Florida and because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

3. Personal jurisdiction in this District is proper because Defendant has continually communicated with Plaintiff within this District with reference to the subject mortgage and Defendant continuously operates various branches in the jurisdiction.

## PARTIES

4. At all times material hereto, Defendant, U.S. BANK was and is a banking institution chartered and supervised by the Office of the Comptroller of the Currency ("OCC"), an agency in the U.S. Treasury Department, pursuant to the National Bank Act; duly licensed to transact business in the State of Florida, and has a principal address of 800 Nicollet Mall, Minneapolis, MN 55402.

5. At all times material hereto, Defendant, US BANK was and is a creditor as the term is defined in 15 U.S.C. §1602(g), which defines 'creditor' in relevant part as "Any person who originates 2 or more mortgages referred to in subsection (aa) of this section in any 12-month period […] shall be considered to be a creditor for purposes of this subchapter".

*TL-7814*

6. Upon information and belief, U.S. Bank has originated more than 2 mortgages in the past 12 months, as their website states that U.S. Bank is a leader in the mortgage industry, and millions of our customers say they would recommend us in the future. We offer loans that meet almost every mortgage need and are ready to go to work for you. We originate mortgages for one- to four-unit residential properties for new purchase or refinance mortgage financing". http://www.usbank.com/mortgage/products.html#fixed.

7. At all times material hereto, Defendant, US BANK was and is an assignee of the subject loan pursuant to 15 U.S.C. §1641. Upon information and belief, the assignment to US BANK was voluntary.

8. At all times material hereto, the Plaintiff, ROSEMENE ST. BREUX, ("Plaintiff") was and is a resident of Broward County, Florida, and own a home, which is Plaintiff's primary residence, in Broward County.

9. At some point in time prior to the violations alleged herein, US BANK employed LITTON LOAN SERVICING LP ("LITTON") to service the subject loan.

10. At all times material hereto, LITTON, is and was a loan servicer as the term is defined in 12 U.S.C.A. § 2605(i)(2), that services the loan obligation owned by US BANK and secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at 2357 N.W. 52nd Court, Tamarac, Florida, 33309.

11. Plaintiff's residence is a residential structure containing one to four family housing units.

12. The Promissory Note signed by Plaintiff in connection with the mortgage serviced by LITTON is a consumer credit transaction within the meaning of, and subject to, TILA.

*TL-7814*

13. The mortgage loan in question is a "residential mortgage transaction" as defined in 15 U.S.C. §1602(x).

14. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. §2602(1).

## COUNT I –VIOLATION OF TILA

15. On or about July 12, 2011, LITTON received a written request to identify the owner or master servicer of Plaintiff's Promissory Note pursuant to TILA. A substantially similar copy of same is attached as Exhibit "A".

16. LITTON was obligated to disclose the identity of the owner or master servicer of the obligation, as well as its address and telephone number under 15 U.S.C. §1641(f)(2) of TILA, which states in part:

> *Under written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address and telephone number of the owner of the obligation or the master servicer of the obligation.*

15 U.S.C. §1641(f)(2)

17. On or about July 20, 2011, LITTON responded in writing to Plaintiff's request. A copy of same is attached as Exhibit "B".

18. LITTON's written response did not provide the address or telephone number of the owner or master servicer of the subject obligation.

19. The address and phone number of the owner or master servicer of the mortgage obligation on Plaintiff's property was unknown because LITTON unlawfully refused to furnish said information upon request of Plaintiff's counsel received via certified mail by LITTON on or about July 12, 2011.

*TL-7814*

20. The name of the master servicer of the mortgage obligation on Plaintiff's property was unknown because LITTON chose to provide the name of the owner instead of the master servicer pursuant to 15 U.S.C. §1641(f)(2).

21. LITTON has failed to or refused to comply with 15 U.S.C. §1641(f)(2) of TILA by not providing the full address or phone number of the owner or master servicer of the obligation.

22. LITTON's violation of 15 U.S.C. §1641(f)(2) is apparent on the face of the response attached hereto as exhibit "B", and LITTON failed to use the terms or format required by 15 U.S.C. §1641(f)(2). Specifically, LITTON failed to name the 'master servicer' of the subject loan and failed to provide the address, and phone number of US BANK.

23. Upon information and belief, US BANK has considerable control over LITTON by virtue of a Servicing Agreement that governs their relationship.

24. Upon information and belief, the above-referenced agreement contains specific details and guidelines that LITTON is to follow.

25. Upon information and belief, one of the very specific functions the Servicing Agreement was designed to cover was LITTON's responding to requests under 15 U.S.C. 1641(f)(2).

26. Upon information and belief, US BANK may terminate LITTON's employment at any time.

27. As its servicer, LITTON is the employee and agent of US BANK. and US BANK is responsible for LITTON's failure to respond properly to Plaintiff's request since

LITTON was acting in furtherance and within the scope of its employment for US BANK.

28. Plaintiff has hired Loan Lawyers, LLC for legal representation in this action and has agreed to pay a reasonable attorney's fee.

29. Plaintiff is entitled to the following damages for each violation of TILA by Defendant US BANK: statutory damages of not less than $400 nor greater than $4000 pursuant to 15 U.S.C. §1640(a)(2)(A)(iv), and the costs of this action together with a reasonable attorney's fee as determined by the court, pursuant to 15 U.S.C. §1640(a)(3).

**WHEREFORE**, the Plaintiff, ROSEMENE ST. BREUX, demand judgment against the Defendant US BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-CB3 for damages together with interest, costs, and attorney's fees pursuant to 15 U.S.C. §1640(a), and any and all further relief as this Honorable Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

/s/Yechezkel Rodal
YECHEZKEL RODAL ESQ.
FBN 091210
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone:   (954) 523-4357
Facsimile:    (954) 581-2786
E-Mail: chezky@floridaloanlawyers.com

TL-7814

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed on September 14, 2012 with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Jason P. Bichsel, Esq.
Akerman Senterfitt
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, FL 33301
Counsel for Defendant US BANK
Service by CM/ECF

LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone:     (954) 523-4357
Facsimile:     (954) 581-2786

/s/Yechezkel Rodal
YECHEZKEL RODAL ESQ.
FBN 091210
E-Mail: chezky@floridaloanlawyers.com

*TL-7814*