UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 12-61613-CIV-DIMITROULEAS/SNOW

**ROSEMENE ST. BREUX,**

       Plaintiff,

vs.

**U.S. BANK, NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE C-BASS MORTGAGE
ASSET-BACKED CERTIFICATES, SERIES 2007-CB3,**

       Defendant.
_____/

# U.S. BANK'S[1] MOTION TO DISMISS AMENDED COMPLAINT

## I. INTRODUCTION

Plaintiff Rosemene St. Breux's amended complaint is as flawed as its predecessor. Ms. St. Breux **again** neglects to even generally allege compliance with conditions precedent for filing suit. And, she **again** wrongly declares U.S. Bank noncompliant with 15 U.S.C. §1641(f)(2)—while her own exhibits and allegations show otherwise. Ms. St. Breux also continues her claim despite conceding U.S. Bank is a section 1641 assignee—whose liability is limited to violations apparent on the face of disclosure statements provided at assignment. The plain language of section 1641 limiting assignee liability, coupled with recent case law of this District which can be reconciled with this Court's prior decision in *Khan v. Bank of N.Y. Mellon*, 849 F. Supp. 1377 (S.D. Fla. 2012), demand this action be dismissed.

---

[1] "**U.S. Bank**" refers to Defendant U.S. Bank, National Association, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2007-CB3.

{25218912;1}

## II. FACTUAL BACKGROUND

Ms. St. Breux filed a one-count amended complaint against U.S. Bank for violation of section 1641(f)(2). She alleges U.S. Bank, as an assignee of the loan under 15 U.S.C. § 1641, employed Litton Loan Servicing LP (**Litton**) to service her loan. (Am. Compl. ¶¶ 7, 9 [D.E. 5].) She alleges Litton "[a]s its servicer, is the employee and agent of U.S. Bank," and acted "within the scope of its employment for U.S. Bank" with respect to the allegations. (*Id.* ¶¶ 21-23.)

Ms. St. Breux alleges she sent correspondence requesting the identity of the owner of her loan pursuant to 15 U.S.C. § 1641(f)(2) to Litton, the servicer of her loan. (Am. Compl. ¶ 15 [D.E. 5].) She attaches copies of her letter and Litton's response as amended complaint EXHIBITS A and B, respectively. Her correspondence requests that Litton identify the name, address and telephone number of the owner **or** master servicer. (Am. Compl. Ex. A, 2, ¶ 6.)

Ms. St. Breux alleges Litton failed to provide the "name, address or telephone number" of the owner of her loan in violation of 15 U.S.C. § 1641(f)(2). (Am. Compl., ¶ 17 [D.E. 5].) Ms. St. Breux alleges U.S. Bank is liable for this alleged failure. (*Id.* ¶ 27.)

Litton's response identifies U.S. Bank as the beneficial note holder, and confirms that Litton—as servicer—is the party to contact with respect to loan-related issues:

> The current beneficial holder of the loan is U.S. Bank, National Association. However, since Litton is currently servicing the loan, we recommend you submit all inquiries to the address listed on the top of page one.

(Am. Compl., Ex. B [D.E. 5].) Page one also includes Litton's phone number, fax number, and website. The response clearly names loan owner U.S. Bank, and includes Litton's contact information, as master servicer, in accordance with section 1641(f)(2) of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* (**TILA**). (*Id.*)

### III.  LEGAL ANALYSIS

**A.      Motion to Dismiss Standard.**

Courts are required to grant a motion to dismiss when the movant fails to sufficiently plead facts that state a plausible claim for relief.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[P]laintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]") (alteration in original) (internal quotation marks omitted); *Holcomb v. Fed. Home Loan Mortg. Corp.*, No. 10-81186-CIV, 2011 WL 5080324, *2 (S.D. Fla. Oct. 26, 2011) ("Granting a motion to dismiss is appropriate when a complaint contains simply a formulaic recitation of the elements of a cause of action.'") (quoting *Twombly*, 550 U.S. at 555); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).  To survive defendants' motion to dismiss, plaintiff's complaint must contain more than "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts[.]" *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

In deciding a Rule 12(b)(6) motion, the court must examine not only the allegations stated in a complaint, but also any documents referenced in or attached to it.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 315 (2007).  Under the Federal Rules of Civil Procedure, the exhibits to a complaint "are part of the pleading 'for all purposes,'" including a Rule 12(b)(6) motion.  *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007) (quoting FED. R. CIV. P. 10(c)).  Moreover, "[i]t is the law in this Circuit that when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) (internal quotations omitted).  *See also N.P.V. Realty Corp. v. Nationwide Mut. Ins. Co.*, No. 8:11-CV-1121-T-17TBM, 2011 WL

4948542, at *3 (M.D. Fla. Oct. 17, 2011); *Schneider v. Parker*, No. 6:09-cv-1089-Orl-35GJK, 2011 WL 722759, at *5 (M.D. Fla. Feb. 23, 2011).

**B.     Ms. St. Breux 's Amended Complaint Should Be Dismissed With Prejudice.**

**1.     Ms. St. Breux Cannot Allege Compliance With Conditions Precedent.**

The "nature and character" of an underlying loan obligation determines whether TILA is applicable. *Florida State Constructors Serv. v. Randall*, 368 So. 2d 421, 422 (Fla. 3d DCA 1979). TILA applies to credit transactions secured by real property used or expected to be used as the principal dwelling of a debtor. *See Antanuos v. First Nat'l Bank of AZ.*, 508 F. Supp. 2d 466, 471 (E.D. Va. 2007); *see also Reese v. JP Morgan & Co.*, 686 F. Supp. 2d 1291, 1299 (S.D. Fla. 2009) (For TILA to apply, "mortgage loan must be a consumer credit transaction with a 'creditor,' as defined in 15 U.S.C.A. § 1602(f)."). TILA's provisions impose duties on creditors—duties fixed to a creditor's obligations in a security instrument. *See Delino v. Platinum Community Bank*, 628 F. Supp. 2d 1226, 1233 (S.D. Cal. 2009).

Ms. St. Breux claims damages under 15 U.S.C. § 1640(a)(2)(A)(iv) based on the mortgage securing her loan. (Am. Compl. ¶ 29.) Ms. St. Breux sues because the mortgage loan transaction being serviced by Litton placed an allegedly unfulfilled duty to respond under 15 U.S.C. § 1641(f)(2). But, mortgage paragraph 20 required Ms. St. Breux provide notice and an opportunity to cure **prior to filing suit** for any "duty owed by reason of, the security instrument." (True and correct copy of Ms. Breux's note and mortgage are attached hereto as **COMPOSITE EXHIBIT A**.)[2]

---

[2] The Court may consider Ms. St. Breux's loan documents on a motion to dismiss because they are central to her amended complaint. (*See e.g.,* Am. Comp. ¶¶ 7, 9-11.). The existence of the loan agreement—of which the note and mortgage are part—is the foundation of Ms. St. Breux's damages claim and is a precondition for suing under TILA. *See Brooks v. Blue Cross & Blue Shield of Fla.,* 116 F. 3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the

4

Mortgage paragraph 20 provides:

> Neither Borrower nor Lender may commence . . . any judicial action . . . that arises from the other party's actions pursuant to this Security Instrument or alleges that the other party has breached . . . any duty owed by reason of, this security instrument, **until such Borrower or Lender has notified the other party . . . and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action**.

(emphasis added). Ms. St. Breux fails to even generally allege compliance with this condition precedent to filing suit. *See Gibson v. Chase Home Fin., LLC*, No. 8:11-cv-1302-T-23TBM, 2012 WL 1094323, *2 (M.D. Fla. Apr. 2, 2012) (dismissing action based on failure to sufficiently allege pre-suit notice required by mortgage).[3] Nor can she—no notice was provided.

Courts regularly give effect to mortgage notice provisions. *See Haber v. Deutsche Bank Nat'l Trust Co.*, 81 So. 3d 565, 566 (Fla. 4th DCA 2012) ("Because the bank failed to show that it provided appellant with the requisite notice and opportunity to cure, it was not entitled to a final summary judgment of foreclosure"); *Bryson v. Branch Banking and Trust Co.*, 75 So. 3d 783, 785-86 (Fla. 2d DCA 2011) ("In numerous foreclosure cases summary judgment has been reversed because the defendant has pleaded lack of notice and opportunity to cure as an affirmative defense and nothing in the bank's complaint, motion for summary judgment, or affidavits established that the bank gave the homeowners the notice and opportunity to cure

---

Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal"); *Caballero v. Aurora Loan Services, LLC*, No. 6:09-cv-00660, 2009 WL 2488133, *1 n.2 (M.D. Fla. Aug. 14, 2009). The mortgage is also public record appropriate for judicial notice. *See* FED. R. CIV. P.201.

[3] The *Gibson* court dismissed plaintiff's claims *without prejudice*, requiring plaintiff show cause why his claims should not be dismissed *with prejudice* based on failure to comply with pre-suit mortgage notice provisions. 2012 WL 1094323 at *3. Here, dismissal *with prejudice* is warranted. Had Ms. St. Breux notified Litton of the alleged deficiency in its response, Litton could have clarified, and this litigation would have been avoided.

required by the mortgage"); *Wroblewski v. Am. Home Mortgage Servicing Inc.*, 68 So. 3d 431, 432 (Fla. 5th DCA 2011) ("We reverse the summary judgment of foreclosure because Appellee failed to overcome Appellant's assertion in her answer that Appellee had failed to comply with the condition precedent contained in the mortgage, requiring notice and opportunity to cure").

Ms. St. Breux failed to allege satisfaction of conditions precedent to filing suit. She must do so to proceed with this lawsuit because her TILA claim arises from the existence of the loan agreement, which includes mortgage paragraph 20's pre-suit notice requirement. Had Ms. St. Breux provided pre-suit notice, Litton could have clarified its response. And, the aim of mortgage paragraph 20—preventing unnecessary litigation—would be fulfilled. Ms. St. Breux has not alleged compliance with conditions precedent, and cannot do so in good faith. Dismissal with prejudice is required as a result.

### 2. U.S. Bank Is Not Vicariously Liable For The Alleged TILA Violations.

This District is split on whether TILA permits vicarious liability on a creditor for a mortgage servicer's violation under section 1641(f)(2). Most recently, in *Kievman v. Fed. Nat. Mortg. Ass.*, 12-cv-22315-UU (Sept. 14, 2012), Hon. Ursula Ungaro determined neither creditors nor assignees may be held liable for a servicer's alleged 1641(f)(2) violation **unless the creditor is also the servicer**. (attached as **EXHIBIT B**). The *Kievman* Court followed, and expanded upon, *Holcomb*, 2011 WL 5080324, which reasoned that Congress did not intend to make creditors and assignees liable under section 1641(f)(2).

*Kievman* did not endorse the view taken by this Court in *Khan*, 849 F. Supp. at 1382. In *Khan*, this Court reasoned that "Congress meant to extend agency principles to make creditors liable under § 1642(f)(2) into § 1640(a), a remedy section that provides for civil liability against creditors." *Id*. *Khan* was followed by *Galeano v. Fed. Home Loan Mortg. Corp.*, 12-cv-61174,

2012 WL 361890 (S.D. Fla. Aug. 21, 2012), and *Kissinger et al. v. Wells Fargo Bank, N.A.*, No. 12-60878-CIV, 2012 WL 3759034 (S.D. Fla. Aug. 30, 2012).  Both *Galeano* and *Kissinger* held Congress intended to impute liability to creditors for a mortgage servicer's violation of section 1641(f)(2).

Neither *Khan* nor *Kissinger* addressed whether the defendants in those cases were "assignees" subject to **any** liability under section 1640(a).  The *Galeano* Court endorsed this Court's reasoning in *Khan* that a private right of action under section 1641(f)(2) exists through section 1640(a), a remedy section providing for liability of creditors, not assignees.  *Galeano*, 2012 WL 361890, at 12.  ***Khan*, *Kissinger* and *Galeano* are not authoritative when determining assignee liability under section 1641(f).  *Kievman* and *Holcomb* are**.  Like the defendant in *Kievman*, U.S. Bank is not a creditor, but an assignee.  Section 1640(a) does not govern U.S. Bank.  Section 1641 does.  Section 1641 limits assignee liability to violations apparent on the face of required disclosures delivered at closing.  Ms. St. Breux fails to allege violations at the time of assignment.  Instead, she alleges only servicer errors **after assignment** to U.S. Bank.  TILA's plain language does not permit assignee liability in such circumstances.

### i.    U.S. Bank Is Not A *Creditor* Under Section 1640(a).

Section 1640(a) imposes civil liability on a **creditor** "who fails to comply with any requirement imposed . . . [under] subsection (f) or (g) of section 1641 of this title." TILA defines creditor explicitly as a party who both:

> **(1)** regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and
>
> **(2)** is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement . . . .

15 U.S.C. § 1602(g); *see Cetto v. LaSalle Bank Nat. Ass'n*, 518 F.3d 263, 269-70 (4th Cir. 2008) (creditor refers "**only** to a person who both (1) regularly extends . . . consumer credit . . . . **and** (2) is the person to whom the debt arising from [the loan] is initially payable.") (emphasis added); *see also* 12 C.F.R. § 226.2(a)(17)(i) (defining the "creditor," in relevant part, as the entity to whom the obligation is **initially payable on the face of the note**). This definition is restrictive and precise, referring only to a person who satisfies both requirements of the bifurcated definition. *Stephens v. Capitol One Financial Corp.*, No. 12-CV-00193(SJF)(ARL), 2012 WL 2458173, *3 (E.D.N.Y. June 22, 2012).

U.S. Bank does not meet TILA's definition of "creditor" because, as Ms. St. Breux concedes, U.S. Bank is not the entity to which the consumer credit transaction at issue was "initially payable on the face of the evidence of indebtedness." *See* EXHIBIT A.  **The face of the loan documents show Ms. St. Breux's loan was initially payable to** "**NationOneMortgage,**" **not U.S. Bank**. *Id*.

Notwithstanding, Ms. St. Breux's amended complaint allegations imply an attempt to argue section 1602(g) provides a stand-alone, alternative definition of creditor—alleging U.S. Bank originated more than one high-cost loan in the past.[4]  Even if that were true, U.S. Bank cannot be a creditor under section 1602(g) unless it was also the one to which the debt was **initially payable on the face of the note**.  *Cetto*, 518 F.3d at 270; *Viernes v. Executive Mortg., Inc*. 372 F.Supp.2d 576, 582 (D. Haw. 2004) ("[L]anguage contained in the last sentence of 1602(f) does not create an independent definition of creditor.").  To be a creditor, one must "always fulfill the second prong of Regulation Z's decision . . . by being the one whom the obligation is initially payable on the face of the loan document." *Cetto*, 518 F.3d at 273; *see also Wilson v. Bel Fury Investments Group, LLC*, No. 8:04CV640, 2006 WL 297440, *4 (D. Neb. Feb. 6, 2006) (the final sentence of 1602(g) is not a stand-alone definition of creditor but expands upon the first half of the two-part creditor test).  Even if one "extend[s] credit on a number of previous, unrelated transactions, it is not a 'creditor' for that particular transaction" if it is "not the one whom the debt was initially payable." *Id*.  Because the debt at issue was not initially payable to U.S. Bank, it cannot be liable as a creditor under section 1640(a).

      ii.   **U.S. Bank, As An Assignee, Is Not Liable Under Section 1641 Since Violations Were Not Apparent On The Face Of The Disclosure Statement.**

Assignees are liable under TILA for "any civil action for a violation . . . which may be brought against a creditor . . . **only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement**." 15 U.S.C. § 1641(a) (emphasis added)*; Ellis v. General Motors Acceptance Corp*., 160 F.3d 703, 709 (11th Cir. 1998) (assignees will only be liable for TILA violations that are apparent on the face of the disclosure

---

[4]  The *Cetto* court held the last sentence of section 1602(g) was a "particularizing clarification" of the first sentence, which dealt with "the frequency with which a person extends installment credit to become one who 'regularly extends credit.'" 518 F.3d at 272.

statement).  A violation apparent on the face of the disclosure statement includes "(1) a disclosure which can be determined to be incomplete or inaccurate from the fact of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by this subchapter."  *Holcomb*, 2011 WL 5080324, at *7.  Only violations that a reasonable person can spot "on the face of the disclosure statement or other assigned documents will make the assignee liable under the TILA." *Taylor v. Quality Hyundai*, 150 F.3d 689, 694 (7th Cir. 1998); *see also Hargis v. U.S. Bancorp*, No. 4:10CV00027JCH, 2010 WL 4923340, *3 (E.D. Mo. Nov. 29, 2010) (dismissing TILA claims against assignee because plaintiff failed to allege how TILA violation was "apparent on face of disclosure statements provided at closing.")

Ms. St. Breux concedes that U.S. Bank is an assignee of the subject loan pursuant to 15 U.S.C. § 1641.  (Am. Compl. ¶ 7 [D.E. 5].)  She does not allege TILA violations were apparent on disclosure statements provided at closing.  Instead, she bases her claim on Litton's alleged failure to properly respond to her section 1641(f)(2) request.  But, a servicer's subsequent failure to provide information to a borrower under section 1641(f)(2) is not the type of defect that would be apparent on the face of a disclosure statement.  *Taylor*, 150 F.3d at 694.  A servicer's role only begins after closing—after disclosures are executed.  Ms. St. Breux has not alleged that U.S. Bank, as an assignee, violated TILA based on apparent flaws in disclosure statements at closing.  Under her allegations, the violation is apparent only after her alleged "qualified written request" issued, and Litton responded—post-assignment to U.S. Bank.  The Court cannot find liability based on Ms. St. Breux's allegations.

      **iii.    Section 1641(f)(2) Does Not Change TILA's Limitations On Assignee Liability.**

In *Khan*, this Court extended vicarious liability to creditors because the Court believed that Congress "meant to extend agency principles to make creditors liable under section

10

1641(f)(2) by inserting the private right of action for violations of section 1641(f)(2) into 1640(a)." 849 F.Supp.2d at 1382. Section 1640(a) explicitly extends liability to creditors for non-compliance with sections 1641(f) and (g). But, the duty to respond under section 1641(f)(2) rests on the servicer. So while the servicer of a creditor's loan must fulfill section 1641(f)(2), liability for violations rests solely on creditors. In *Khan*, this Court noted that no portion of section 1641 presumes that a creditor is not liable under section 1641(f)(2) for its servicer's failure to respond to a borrower's request for information. 849 F.Supp.2d at 1382. But TILA's text imposes very different liabilities on creditors and assignees. 15 U.S.C. § 1640 (providing civil liability for "creditors"); 15 U.S.C. § 1641 (limiting the civil liability of "assignees."). Blurring this line by placing section 1640(a) liability upon assignees would render 15 U.S.C. § 1641(a) and (e)—limiting assignee liability—meaningless.

Section 1641(a) permits suits that could be brought against creditors to be maintained against assignees "**only if** the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement." (emphasis added). This liability limitation is plain and unambiguous, and should guide this Court's decision. *Taylor*, 150 F.3d at 694. If Congress intended to extend liability to assignees for servicer violations of section 1641(f)(2), Congress would have included "assignees" alongside "creditors" as parties that may face liability under section 1640(a).[5] Congress elected not to do so. Congressional intent is clear—assignees

---

[5] Congress amended section 1640(a) in 2009 to create a private right of action against creditors for violations under section 1641(f) and (g). *See* Pub. L. No. 111-22, § 404(b) (May 20, 2009). The 2009 amendment did not explicitly or implicitly repeal the limitations of assignee liability in 15 U.S.C. § 1641(a) and (e), or add assignees as parties that may face liability under section 1640(a). *See Miccosukee Tribe of Indians of Florida v. U.S. Army Corps of Engineers*, 619 F.3d 1289, 1297 (11th Cir. 2010) ("to effect an explicit repeal, a statute must identify the repealed statute"); *Patel v. Quality Inn S.*, 846 F.2d 700, 704 (11th Cir. 1988) ("Only when Congress' intent to repeal or amend is clear and manifest will we conclude that a later act implicitly repeals or amends an earlier one.").

11

are not liable to the same extent as creditors under section 1640(a).  It is not the Court's province to rewrite or ignore this language to create liability for assignees under section 1641(f)(2). *Pavelic v. LeFlore v. Marvel Entertainment Group, Div. of Cadence Industries Corp.*, 493 U.S. 120, 126 (1989) ("[The Court's] task is to apply the text, not to improve upon it"); *United States v. Locke*, 471 U.S. 84, 95 (1985) ("[T]he fact that Congress might have acted with greater clarity or foresight does not give courts a *carte blanche* to redraft statutes in an effort to achieve that which Congress is perceived to have failed to do.").  The plain text of section 1641 requires dismissal of the amended complaint—despite any perceived future ramifications to borrowers.  A decision to the contrary would ignore TILA's plain language limiting assignee liability.

        3.        **Amended Complaint Allegations and Exhibits Show Statutory Compliance.**

Attached as EXHIBIT B to the amended complaint is a letter from Litton which complies with 15 U.S.C. § 1641(f)(2).[6]  Section 1641(f)(2) requires that "[u]pon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation **or** the master servicer of the obligation."  15 U.S.C. § 1641(f)(2) (emphasis added).  A master servicer is employed by the owner of the obligation, and the master servicer may remain as the servicer, or employ a subservicer.  *See* 24 C.F.R. § 3500.21(a).  A subservicer can only receive the right to service the mortgage loan from the master servicer.  *See id.*

---

[6]  Amended complaint EXHIBIT B reveals that Ms. St. Breux's loan is in foreclosure proceedings. (Am. Compl. Ex. B, [D.E. 5-2].)  This lawsuit is being used as an attempt gain leverage in those proceedings, rather than a genuine attempt to gain information.  The purposes behind TILA are "to provide protection to consumers by affording them meaningful disclosure . . . [i]t was not designed nor should it be used to thwart the valid claims of creditors."  *Smith v. American Financial Systems, Inc.*, 737 F.2d 1549, 1553, n.9 (11th Cir. 1984) (quoting *Basham v. Finance America Corp.*, 583 F.2d 918 (7th Cir. 1978).

Ms. St. Breux's allegations demonstrate statutory compliance. Litton's letter identified U.S. Bank as beneficial holder of the loan, and provided Litton's own address and telephone number. The letter further explained that Litton—the loan servicer—is the appropriate party to contact regarding the loan. Ms. St. Breux's allegations concede U.S. Bank, the owner of the loan, employed Litton to service the loan. (Am. Compl. ¶¶ 27 [D.E. 5].) Ms. St. Breux does not—and cannot—allege Litton is a subservicer who obtained the right to service her loan from a master servicer. Master servicers are employed by loan owners. 24 C.F.R. § 3500.21(a). Ms. St. Breux's own allegation that Litton was employed directly by U.S. Bank rather than a third-party master servicer confirms Litton was the master servicer. These allegations also demonstrate as a matter of law that Litton fully complied with 15 U.S.C. § 1641(f)(2) by naming U.S. Bank as the beneficial note holder, providing its own contact information and explaining its role as servicer. Ms. St. Breux's attempt to misconstrue section 1641(f)(2) to require more should not be entertained.

## IV. CONCLUSION

Ms. St. Breux cannot allege any set of facts that could impose liability on U.S. Bank pursuant to 15 U.S.C. § 1640(a) for Litton's alleged violation of 15 U.S.C. § 1641(f)(2).  Not only has Ms. St. Breux failed to allege she fulfilled conditions precedent to filing suit, but her claims base on a fundamental misreading of section 1641(f)(2).  Ms. St. Breux also fails to allege any violation apparent on the face of a disclosure statement which could impute liability to U.S. Bank, as an assignee.  Ms. St. Breux's alleged violation occurred after assignment, and after her alleged "qualified written request" issued.  A plain reading of section 1641, and recent case law, bar U.S. Bank from liability for this alleged post-assignment conduct.  Ms. St. Breux's complaint should be dismissed in its entirety and with prejudice.

Respectfully submitted,

/s/ Jason P. Bichsel
William P. Heller
Florida Bar No. 987263
e-mail:  william.heller@akerman.com
Jason P. Bichsel
Florida Bar No. 88954
e-mail:  jason.bichsel@akerman.com
Sumeet H. Chugani
Florida Bar No. 71630
e-mail:  sumeet.chugani@akerman.com
**AKERMAN SENTERFITT**
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, Florida  33301
Telephone: (954) 463-2700
Facsimile:  (954) 463-2224

*Counsel for U.S. Bank, N.A. as Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Motion to Dismiss Amended Complaint* was served via transmission of Notices of Electronic Filing generated by CM/ECF on September 28, 2012, on all counsel or parties of record on the Service List below.

/s/Jason P. Bichsel<br>
Jason P. Bichsel

## SERVICE LIST

Yechezkel Rodal, Esq.
chezky@floridaloanlawyers.com
Loan Lawyers, LLC
377 North State Road 7, Suite #202
Plantation, Florida 33317
Telephone: (954) 523-4357
Facsimile: (954) 581-2786

*Attorneys for Plaintiff Rosemene St. Breux*